## Case No. 17,880.

### WINSLOW v. A FLOATING STEAM PUMP.

#### [2 N. J. Law J. 124.]

District Court, D. New Jersey. Feb. Term, 1879.

MARITIME LIEN—LOCAL LAW.

Furnishing an air pump to a water craft familiarly called a "chuncker," used for pumping the water out of a dry dock in the Hudson river, is a maritime service. The lien given by the local law for such service may be enforced by the district court in admiralty.

In admiralty.

NIXON, District Judge. This is a libel in rem, filed to recover the amount alleged to be due for the equipment of a vessel. The equipment was an air pump furnished to a water craft familiarly called a "chuncker," used for pumping the water out of a dry dock on the Hudson river, and incidentally from sunken vessels. The merits of the controversy are involved in the solution of two questions: (1) Whether such an equipment is a maritime service, and (2) the value of the articles furnished.

1. The respondents are the lessees of a dry dock at the foot of one of the streets of Jersey City. An useful if not an indispensable part of the instrumentalities with which they carry on their business of overhauling and repairing vessels is some sort of a mechanism for pumping out their dry dock. They rented with the dock a canal boat or "chuncker" for this purpose, having an engine and boiler, and the libellant sold to them an air pump and hose with necessary connections, which was placed in the boat in April last. The answer of the respondents admits "that said vessel is used by them for the purpose of holding their machinery for pumping out their dry dock and other kind of pumping in and about the Hudson river and Harbor of New York and the waters adjacent thereto." As the 2d section of the act of the legislature of New Jersey, entitled "A further supplement to an act for the collection of demands against ships, steamboats and other vessels," approved March 20, 1878, makes all debts to the amount of twenty-five dollars and upwards, contracted by the master, owner, agent or consignee of any ship or vessel within the state for * * * fitting, furnishing or equipping such vessel a lien thereon, and has a preference to all other liens, except mariner's wages, there does not seem room for doubt that the libellant's claim is a lien upon the vessel and is enforceable in a court of admiralty. It is now the settled doctrine that such liens, created by the local law, are cognizable in the district courts of the United States.

The remainder of the opinion concerning the value of the articles, is of no general interest, and is omitted.